UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/12

JOAN OCHEI,                                    :
                                               :
                            Plaintiff,         :        **MEMORANDUM**
                                               :        **OPINION AND ORDER**
                    - against -                :
                                               :        **10 Civ. 2548 (CM) (RLE)**
THE MARY MANNING WALSH NURSING                 :
HOME COMPANY, INC., et al.,                    :
                                               :
                            Defendants.        :

**RONALD L. ELLIS, United States Magistrate Judge:**

Before the Court is Plaintiff's motion for sanctions against defense counsel and Defendants under 28 U.S.C. § 1927, as well as Rules 11(c)(1) and 37(a)(5)(A) of the Federal Rules of Civil Procedure. While the specific grounds for Ochei's motion are unclear, the Court interprets the motion as asserting that Defendants have caused unnecessary delay throughout discovery. Specifically, Ochei alleges that the delaying tactics have including seeking mediation, insisting on taking Ochei's deposition while refusing to respond to her discovery requests, and filing a motion to dismiss, which was granted in part and denied in part on March 1, 2011. Because of these perceived assaults on her right to litigate her case, Ochei refused to sit for her deposition until Defendants adequately addressed her discovery demands.[1]

It remains unclear to the Court from Ochei's motion how Defendants caused undue delay in this case based on "fraudulent" behavior and how Ochei has been precluded from pursuing relief. Ochei suggests that "exceptional circumstances" exist in this case that merit sanctions, yet does not detail what those circumstances are. Whether Defendants had a genuine desire to

---

[1]Ochei was ordered by the Court to sit for her deposition before any motion made by her or Defendants would be considered by the Court. She has since submitted to her deposition.

engage in mediation negotiations may be actionable under Rule 37, but Ochei has not shown that Defendants entered mediation discussions with bad faith. *See Fisher v. SmithKline Beecham Corp.*, 2008 WL 4501860 (W.D.N.Y. Sept. 29, 2008) (granting sanctions under Federal Rules of Civil Procedure 16(f) against a defendant who failed to abide by the Court's Order and participate in mediation in good faith); *Outar v. Greno Industries, Inc.*, 2005 WL 2387840 (N.D.N.Y. Sept. 27, 2005) (sanctioning plaintiff who refused to participate in mediation in good faith).  In fact, it is unclear from Ochei's motion whether it was Defendants who purportedly didn't participate in mediation discussions in good faith or whether Ochei was the one hostile to the process.   The purpose of mediation is to assist parties in arriving at a settlement to avoid the expense and investment of time in litigation.  Parties may engage in mediation at any point during the course of litigation, and it is not uncommon for parties to initiate discussions early in discovery.  The Court ordered parties to attend mediation on April 27, 2011.  ECF Nos. 41, 46.

*Mediation*

Defendants and Ochei were required to obey the Court's Order, and participate in mediation proceedings.  It is unclear from Ochei's motion what exactly led her to believe that she was deceived throughout the mediation proceedings, causing her to reveal personal information for the purposes of mediation.  Information shared during the course of mediation or settlement proceedings are for the sole purpose of enabling honest discourse and are limited to the settlement or mediation context.

*Appointment of Counsel*

It also appears that Ochei seeks sanctions for the appointment of counsel who was assigned to assist her in mediation proceedings, Chinyere Okoronkwo, although it is unclear whom she seeks to sanction.  The appointment of pro bono counsel during mediation discussions

is to assist pro se litigants with judicial proceedings so that they may have counsel representing them and their interests during such discussions. Ochei seems to believe that Okoronkwo did not adequately represent her interests and/or colluded with Defendants to induce her into revealing personal information she would not otherwise have revealed. Ochei also questions the role of the Pro Se Office in assigning counsel for the exclusive purpose of assisting her during mediation. This, however, is the way the program is designed. Because none of the scenarios described by Ochei justifies a motion for sanctions, her application for sanctions related to mediation is **DENIED**.

*Stay of Proceedings*

Ochei seeks to sanction Defendants because proceedings were stayed while the Parties explored mediation. The stay, however, was ordered by Judge McMahon (ECF No. 42) and affirmed by her on August 1, 2011. ECF No. 59. Sanctions against Defendants are not warranted. This aspect of the motion is meritless and is **DENIED**.

*Failure to Respond to Discovery*

To the extent that Defendants did not respond to Ochei's discovery demands during the period the stay was imposed, this inaction was contemplated by the stay. Defendants were not under an obligation to respond to discovery demands until the stay was lifted on November 22, 2011. Ochei has not identified any specific failures to respond since the stay has been lifted.

It appears that Ochei disagrees with some of the Court's decisions. It is not clear how this could result in sanctions against Defendants or their counsel. Much of this was explored with Ochei at the last telephone conference, but she chose to file the instant motion in any case.

The motion is baseless and only served to delay matters in this case, and is **DENIED** in all

respects.

**SO ORDERED this 31st day of May 2012**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge